IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| PAUL SMITH,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>HIRERIGHT, LLC,<br>Registered Agent:<br>Legalinc Corporate Services Inc.<br>2611 SW 17th St., Ste. 223<br>Topeka, KS   66604<br><br>    Defendant. | Case No.: 2:24-cv-2427<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

**COMES NOW** the Plaintiff, Paul Smith, by and through his attorneys, and brings the following complaint against Defendant, HireRight, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## **PRELIMINARY STATEMENTS**

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant is a Consumer Reporting Agency.

3. Defendant is governed by the FCRA.

4. Lyft, Inc., ordered a Consumer Report from the Defendant concerning the Plaintiff.

5. The report provided to Lyft, Inc., by the Defendant was a Consumer Report as defined by the FCRA.

6. The report provided by the Defendant to Lyft, Inc. contained inaccurate and misleading information.

7. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff is a resident of Wichita, Kansas. Plaintiff is a member of the Putative Classes defined below.

9. Defendant is a foreign company formed under the laws of Delaware doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and his claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

12. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff started working for Lyft, Inc. in 2019.

15. Plaintiff had a five star rating with Lyft, Inc.

16. On or about March 24, 2023, Plaintiff received a message on his Lyft phone app

      telling him he was suspended because of an assault violation.

17. Plaintiff received a phone call from an employee of Lyft, Inc. asking for his side of the story.

18. On or about March 28, 2023, Plaintiff received an email from Lyft telling him his Lyft account was deactivated.

19. Plaintiff contacted law enforcement and was told that there were no assault charges pending or filed against the Plaintiff.

20. Lyft sent notice of the alleged assault to Hireright.

21. Lyft did not provide Hireright with any supporting documentation.

22. Hireright provided the information regarding the alleged assault to Uber on or about April 13, 2023.

23. Uber banned the Plaintiff from driving for Uber based on the Consumer Report.

24. Plaintiff attempted to appeal the Uber decision that was based on the HireRight report, but was denied the opportunity to appeal.

25. Plaintiff wrote a letter to Uber and HireRight in an attempt to appeal the information contained within the Consumer Report, but did not receive a response from either report.

26. On January 30, 2024 the Plaintiff sent a request for reinvestigation to HireRight.

27. Plaintiff included the request # and date of the Consumer Report in the request for reinvestigation.

28. Plaintiff requested the documents HireRight relied on if the reinvestigation failed to remove the challenged information from the Plaintiff's Consumer Report.

29. Plaintiff requested a list of all companies that were provided with the inaccurate

driver safety information.

30. On February 6, 2024, HireRight confirmed receipt of the Plaintiff's request for reinvestigation.

31. On March 1, 2024, Hireright denied the Plaintiff's request to remove the safety program information from the Plaintiff's Consumer Report.

32. HireRight did not receive any data or report details in the reinvestigation of the safety program information.

33. HireRight's letter dated March 1, 2024, does not mention any documents or statements that the driver safety information from Lyft was based.

34. HireRight's decision to reject the Plaintiff's request for removal was based solely on Lyft's verification of the information without supporting documentation or other supporting evidence.

35. Hireright did not provide the Plaintiff with a list of other companies who were provided the inaccurate driver safety information.

36. On March 27, 2024, Plaintiff sent the Defendant an email requesting a description of the procedures used in the investigation along with the name, address, and telephone number (if reasonably available) of anyone contacted for information related to this dispute investigation.

37. HireRight responded on March 29, 2024, that the dispute was completed and an email was sent to the Plaintiff.

38. On April 1, 2024, the Plaintiff followed up with HireRight because he did not receive an email.

39. On April 1, 2024, HireRight responded by email and stated, "HireRight does not

receive data or report details regarding any safety-related incidents."

40. HireRight did not remove the unsubstantiated information from the Plaintiff's Consumer Report.

41. HireRight's failure to remove the unsubstantiated information from Plaintiff's Consumer Report prevents him from obtaining employment with gig services.

42. Simply relying on the furnisher's verification is not a reasonable reinvestigation by the Defendant.

43. Defendant has defamed the Plaintiff and threatened his livelihood.

44. Defendant is aware of the FCRA.

45. Defendant has knowledge that it must comply with the FCRA.

46. Defendant is required to produce all Consumer Reports in accordance with the FCRA.

47. On information and belief, a written agreement addressing the production of Consumer Reports exists between Lyft, Inc. and the Defendant.

48. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were in reckless disregard of the law and in violation of 15 U.S.C. §1681n.

### COUNT I
### 15 U.S.C. §1681i

49. Plaintiff incorporates the foregoing paragraphs of as though fully stated herein.

50. At all times relevant hereto, HireRight is and was a "Consumer Reporting Agency" as provided for under the FCRA.

51. At all times relevant hereto, Plaintiff was a "Consumer" as provided for under the FCRA.

52. During the relevant time frame, HireRight received Plaintiff's dispute regarding the accuracy or completeness of the Industry Sharing Safety Program appearing in Plaintiff's Consumer Report.

53. HireRight violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's Consumer Report after receiving actual notice of inaccuracies contained therein.

54. Hireright unreasonably relied on unverifiable information and included it in their Consumer Reports.

55. Hireright's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56. As a result of HireRight's FCRA violations, Plaintiff suffered mental and emotional distress associated with the being labeled as a safety threat, damage to his reputation, job denials, lost wages, mental and emotional distress, and time spent dealing with background check disputes.

## COUNT II
## 15 U.S.C. §1681e(b)

57. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

58. Defendant's inclusion of information from the Industry Sharing Safety Program violates 15 U.S.C. § 1681e(b).

59. Defendant lacks any policy or procedure to adequately comply with information from the Industry Sharing Safety Program.

60. Information from the Industry Sharing Safety Program is unverifiable.

61. Defendant's decision to include information that is unverifiable violates the FCRA.

62. Including information that is unverifiable is unreasonable.

63. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

64. Defendant's actions were negligent.

65. Defendant's actions caused the Plaintiff actual damages.

66. Defendant's actions increased Plaintiff's risk of harm.

67. Plaintiff was harmed by the Defendant's actions and suffered an actual injury.

68. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA.

69. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant produced a Consumer Report concerning the Plaintiff that contained information that was misleading, inaccurate, unverifiable, and should not have been published;

    c. Defendant produced a Consumer Report that contained information that was not prepared in a manner that would assure the maximum accuracy of the information being provided regarding the Plaintiff; and

    d. Defendant failed to abide by the FCRA.

70. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

71. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

72. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15

U.S.C. §1681n(a)(3).

73. Plaintiff is further entitled to actual damages and any costs and attorneys' fees, pursuant to 15 U.S.C. §1681o.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    b. Order finding that Defendant committed multiple, separate violations of the FCRA;

    c. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    d. Order awarding statutory damages and punitive damages as provided the FCRA;

    e. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    f. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which the Plaintiff has a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy

Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF